IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILLIAM BERRY,

        Defendant.

Case No. 09-CR-30101-SPM-1

## ORDER

**McGLYNN, District Judge:**

On June 1, 2010, defendant William Berry ("Berry") was sentenced to one year and one day in the Bureau of Prisons ("BOP") followed by a 3-year term of supervised release, along with restitution in the amount of $3,402.52 following a plea of guilty to the offense of conspiracy to commit unlawful activities of dog fighting in violation of 18 U.S.C. § 371 (Doc. 208). On two separate occasions, Berry was found guilty of violating the terms of his supervised release, but another term of incarceration was not imposed (See Docs. 336, 363).

This matter is now before the Court for consideration of Berry's' Motion for Expungement (Doc. 442). Specifically, Berry advises that he is trying to get his FOID card back and asserts that he "don't do any illegal activities anymore" and "I more mature & can except (sp.) full responsibility for my actions" (*Id.*).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The United States Court of Appeals for the Seventh Circuit used to subscribe to the view "that a district court has inherent authority to reopen a closed

criminal case to consider a request to expunge the judicial record based on an equitable balancing test that weighs the public and private interests at stake." *United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017). However, in *Wahi*, the Court of Appeals reversed course and held that a district court lacks jurisdiction to expunge the court records of a convicted defendant. *Wahi*, 850 F.3d at 299-300. In so holding, the *Wahi* Court reasoned that there is no statutory grant of general jurisdiction to expunge the judicial record of a criminal case on equitable grounds. *Id.*

While this Court is sympathetic to Berry and recognizes the impact his conviction may have on his ability to obtain a FOID card, it lacks the authority to grant him the relief he seeks. Accordingly, the Motion for Expungement (Doc. 442) is **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED: January 31, 2024**

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**